P. L. BARZIZA v. DANIEL STORY.

1. An agent employed to buy up an incumbrance to perfect title to his prin-
cipal, and taking a deed in his own name, takes no title as against his
principal.
2. Parol testimony is admissible to prove a resulting trust.

APPEAL from Navarro.   Tried below before the Hon.
N. W. Battle.

This was an action of trespass to try title. Verdict and judgment for defendant, and plaintiff appealed.

*James C. Walker* and *Richard S. Gould*, for appellant.

No brief for the appellee has been furnished to the Reporters.

WALKER, J.—This was an action commenced in the District Court in the year 1854.

Barziza sued Story in trespass to try title to the land described in the petition. Story purchased the land from J. L. McKinney, who, in the progress of the suit, made himself a party defendant.

A donation warrant for six hundred and forty acres of land issued to the heirs of Lewis Powell. John and Wiley Powell, brothers, were the surviving heirs of Lewis Powell. John afterwards gave his interest in the certificate to his son, James Powell. Wiley Powell confided his interest in the certificate to James Powell for location. About the year 1844 James Powell sold the certificate to McKinney, who located the same and obtained a patent for the land, which bears date November 28, 1851; after which James Powell deeded the land to McKinney.

In October, 1851, McKinney sold and conveyed one hundred and sixty acres of the land to Story, who took possession and made improvements. Barziza claims title from Alexander Beaton, dated November 29, 1854. John and Wiley Powell sold the land to Beaton by deed dated November 20, 1854. McKinney claims to be a purchaser in good faith, without any notice of a defect in his title; he alleges that he employed Beaton to perfect his title on being informed by him that it was defective. On the trial of the case it was proven that some negotiations took place between McKinney and Beaton, relative to perfect-

ing McKinney's title. The evidence tends to show that Beaton was employed by McKinney for this purpose, but Beaton denies that the relation of principal and agent or client and attorney existed between them. He also denies any collusion with Barziza.

Perhaps the most important evidence of the case is that of James M. Riggs, who testifies that he was present at a conversation between Beaton and Barziza, which took place at the execution of the deed to the latter. Beaton expressed surprise and astonishment that the deed had been taken in his name. Barziza explained this by saying that he was not on friendly terms with the Powells. The witness further testifies that he saw no consideration pass when the deed was executed. We think there was no error in the charge of the court; it was strictly in accordance with the law governing resulting trusts. (See Williams et al. v. Van Tyl, 2 Ohio State, 336.) It was competent to prove the resulting trust by parol.

We think the verdict of the jury is well sustained by the facts. The judgment of the District Court is affirmed.

AFFIRMED.

WALKER, J., on rehearing.—This case stands on a rehearing. We might have contented ourselves and complied with the law by affirming the judgment of the District Court, without an opinion, though the attorney for the motion for rehearing thinks he has a right to insist on a decision of all the questions raised by his bills of exception. We say in our opinion, "We think there is no error in the charge of the court," and after stating the facts presented by the record we affirm the judgment of the District Court.

We now, after a re-examination of our former opinion, affirm it.

AFFIRMED.